ALDERMAN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Industrial Relations Commission (IRC) which affirms the order of the Judge of Industrial Claims (JIC) awarding petitioner’s attorney a fee in the amount of $17,500. The sole question for our consideration is whether the JIC erred when, after determining that a fair and reasonable fee was $22,500, he reduced the fee to $17,500 on the grounds that- such was required by the IRC's holding in Volpe v. Sirozotti & Natale Nobili Construction Company, IRC 2-3171 (1977). We hold that the JIC did err in reducing the amount of the attorney’s fee to be awarded and that the IRC departed from the essential requirements of law when it affirmed the reduced amount.
In an order dated January 6, 1976, the JIC awarded permanent total compensation to petitioner and reserved jurisdiction to determine a reasonable attorney’s fee for petitioner’s counsel. Following a hearing, the JIC entered an order dated October 6, 1977, awarding petitioner’s attorney a fee in the amount of $17,500. In his order, the JIC held that, although petitioner’s counsel did not keep time records, there was substantial and competent evidence in the record as a whole to support the finding that counsel had spent 250 to 300 hours in obtaining benefits for petitioner and that eon-sidering “the work, the work product, the benefits obtained, the character of the opposition” a fair and reasonable fee was $22,-500. However, the JIC felt that the IRC’s holding in Volpe required that he set a fee of only $17,500, and so he awarded a fee of only $17,500, which he expressly considered to be “inadequate.” On review, the IRC affirmed the award.
Petitioner argues that there is nothing in Volpe which required a reduction of the attorney’s fee from $22,500 to $17,500; that the JIC acted erroneously and in an arbitrary manner when he reduced the award in reliance on Volpe; and that the IRC, by affirming, has departed from the essential requirements of law. Respondent maintains that the JIC properly relied on Volpe and that the JIG correctly considered the factors enunciated in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), in arriving at a fee of $17,500.
An award of attorney’s fees in workmen’s compensation actions must be predicated on the factors set forth in Lee Engineering. [1] A review of the JIC’s order reveals that every factor prescribed by this Court in Lee Engineering was expressly considered by him in reaching the conclusion that a fair and reasonable fee was $22,500. We agree with petitioner that nothing in Volpe compels a reduction of the fee to $17,500. The IRC in Volpe reversed the attorney’s fee award on the ground that, from a reading of the JIC’s order awarding the fee, it was impossible to know if the guidelines of Lee Engineering had been followed. In Volpe, the IRC, also facing the problem that claimant’s counsel had kept no time records and could, by his own admission, only speculate as to the number of hours he had spent on his client’s behalf, held that absent competent and substantial evidence relative to the number of hours spent on the case, the fee was grossly excessive when considered in light of Lee Engineering. Very simply, the award in Volpe was reversed because the *677 IRC was at a loss to determine the basis of the JIC’s award in view of the fact that there was nothing in the order awarding the fee which indicated that Lee Engineering had been followed and there was no competent evidence of the number of hours spent by claimant’s counsel. In the present case, neither of these problems exist as the JIC expressly considered all the factors in Lee Engineering after first determining that competent and substantial evidence supported a finding that petitioner’s counsel had spent 250 to 300 hours obtaining benefits. The JIC erred in awarding only $17,-500 after first finding that the fair and reasonable fee under Lee Engineering was $22,500. The IRC, to the extent that it affirmed the JIC’s award of $17,500, departed from the essential requirements of law.
Accordingly, the petition for writ of cer-tiorari is granted and that part of the order of the IRC affirming the JIC’s award of $17,500 as attorney’s fees is quashed, and this cause is remanded to the IRC with directions to remand to the JIC for disposition in accordance with this opinion.
It is so ordered.
ADKINS, Acting C. J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.

. In 1977, the legislature enacted chapter 77-290, section 9, Laws of Florida, which amended section 440.34, Florida Statutes (1975), to provide that the JIC shall consider criteria similar to that enumerated in Lee Engineering and may increase or decrease the statutorily allowed attorney’s fee if in his judgment the circumstances of the particular case warrant such action.