389 So.2d 705 (1980)
CASINGS, FLORIDA, INC. and American Mutual Insurance Company, Appellants,
v.
John L. WILLIAMS, Appellee.
No. TT-131.
District Court of Appeal of Florida, First District.
October 30, 1980.
Eugene N. Betts, Fort Lauderdale, for appellants.
T.J. Cunningham, West Palm Beach, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order of the Judge of Industrial Claims awarding $25,000 in attorney fees without specifying any basis therefor. Appellee argues that a review of the transcript of the hearing for attorney fees indicates that the judge took into account the factors enunciated in Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968), and that Tinsley v. City of St. Petersburg, 373 So.2d 675 (Fla. 1979), permits this *706 court to affirm the award where it is clear from the record that the factors in Lee Engineering were considered.
The record reveals that, at the end of the hearing, the judge stated: "When you come into the courtroom it becomes Lee Engineering and the Canon of Ethics... ." This, however, is the only indication that the judge took the requisite criteria into account. In Tinsley, the Florida Supreme Court held (373 So.2d at 676):
A review of the JIC's order reveals that every factor prescribed by this Court in Lee Engineering was expressly considered by him in reaching the conclusion that a fair and reasonable fee was $22,500... . [T]he award in Volpe[1] was reversed because the IRC was at a loss to determine the basis of the JIC's award in view of the fact that there was nothing in the order awarding the fee which indicated that Lee Engineering had been followed and there was no competent evidence of the number of hours spent by claimant's counsel. In the present case, neither of these problems exist as the JIC expressly considered all the factors in Lee Engineering after first determining that competent and substantial evidence supported a finding that petitioner's counsel had spent 250 to 300 hours obtaining benefits. (e.s.)
The order here fails to reveal any factor upon which the judge relied in arriving at the award and is, therefore, on its face insufficient.[2] Under Tinsley and authorities cited therein, the appellate court is not required to review the record and speculate on the basis of the award.
Accordingly, the order below is reversed and the cause remanded for entry of a new order in compliance herewith.
ROBERT P. SMITH, Jr., and SHAW, JJ., concur.
NOTES
[1] Volpe v. Sirozotti and Natale Nobili Construction Co., IRC 2-3171 (1977).
[2] Lamar West Florida, Inc. v. Corbett, IRC 2-3367 (1978), and Dade County Department of Health v. Barager, IRC 2-3343 (1978).