PER CURIAM.
The employer/carrier appeal from a worker’s compensation order awarding a fee of $17,000 to claimant’s attorney. We reverse.
The order does not reveal any factors which were considered in determining the amount of the fee; it merely states that the parties agreed that $17,000 was a reasonable fee. The record however does not support the finding that the parties stipulated to the amount of the fee. Appellee argues that the order can still be affirmed because the record shows the award is in accordance with the guidelines set forth in Section 440.34(1), Florida Statutes (1977), and the factors set forth in Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla.1968). We disagree.
An order awarding attorney’s fees must indicate what factors were considered in determining the amount of the fee in order to comport with the requirements of Vargas v. American Bal Harbour, 345 So.2d 1052 (Fla.1976), and Pierce v. Piper Aircraft Corporation, 279 So.2d 281 (Fla.1973). Failure to sufficiently state the basis of the award requires reversal. State of Florida, Sunland Training Center at Miami v. Cald *397 well, 388 So.2d 640 (Fla. 1st DCA 1980); Casings, Florida, Inc. v. Williams, 389 So.2d 705 (Fla. 1st DCA 1980); Manny's Dresses v. Arias, 390 So.2d 1241 (Fla. 1st DCA 1980).
In the present case, since there was no stipulation as to the amount of attorney’s fee, the deputy commissioner should have stated in the order what factors were considered in determining the amount of the fee. We do not rule on the merits of the attack on the amount of the attorney’s fee.
REVERSED and REMANDED for entry of a proper order.
MILLS, C. J., JOANOS, J., and WILLIAM C. OWEN, Jr., (Ret.), Associate Judge, concur.