412 So.2d 66 (1982)
ROUNDTREE TRANSPORT, INC., and Carriers Insurance Company, Appellants,
v.
John C. GODEK, Appellee.
No. AC-81.
District Court of Appeal of Florida, First District.
April 8, 1982.
*67 Lawrence F. Valle and Thomas R. Trompeter of Underwood, Gillis, Karcher, Reinert & Valle, P.A., Miami, for appellants.
Gerald T. Nolan of Nolan & Usdan, Fort Lauderdale, for appellee.
SHAW, Judge.
Claimant's counsel secured benefits for the claimant worth $17,104.98 and was awarded an attorney's fee of $7,710.00. The employer/carrier argues that the fee is excessive and violates Florida Statute 440.34 (1980). We agree and REVERSE. Section 440.34 provides the deputy with a sliding fee schedule to be followed. In addition to the schedule, the statute provides that the deputy shall consider:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h) The contingency or certainty of a fee.
After considering these factors, if it is his judgment that the circumstances of the particular case so warrant, he may vary from the suggested schedule by increasing or decreasing the fee.
The deputy's departure from the schedule in this instance was based upon findings that claimant's attorney expended ninety-one hours and five minutes of professional non-handholding effort in obtaining the benefits, the claim was not routine, claimant's counsel exhibited a high degree of professional skill, and a customary fee would range from $3,315.74 to $12,500.00.
Mindful of the legislative intent to standardize fees except in exceptional circumstances, we find the articulated reasons given by the deputy insufficient to justify the disparity between the statutory fee and the award. When a deputy chooses to depart from the schedule, the order should reflect that he considered all of the relevant, prescribed factors to the extent that circumstances permit. East Coast Tire Co. v. Denmark, 381 So.2d 336 (Fla. 1st DCA 1980). The order under consideration does not meet this standard. We note also in this case that the deputy awarded benefits on the basis of ninety-one hours and five minutes of professional time, whereas the record shows that the claimant's attorney claimed only eighty-one hours and five minutes. REVERSED and REMANDED for a redetermination of attorney's fees in compliance with this order and based upon *68 eighty-one hours and five minutes of attorney's time.
McCORD and ERVIN, JJ., concur.