THOMPSON, Judge,
dissenting.
I dissent. The employer/carrier (E/C) appeals an order awarding claimant’s attorney a $3,500 fee on the grounds that the fee was excessive. I agree and would modify.
After a hearing on the attorney’s fee, the Deputy Commissioner (deputy) stated in the record that claimant’s counsel was entitled to more than $3,500 but he did not think the law would permit him to award more than $3,500 and he directed claimant’s attorney to prepare an order because he was going to get an attorney’s fee. The deputy stated “[a]nd I’ll just ask you to specifically set forth in the order ...” when he was interrupted by claimant’s attorney and never completed his request. The claimant’s attorney prepared and the deputy entered a brief order providing in part as follows:
[HJaving considered the argument of counsel, the criteria set forth in Chapter 440.34, Florida Statutes, Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), the testimony of two expert witnesses, Irv Meyers, Esquire and Bob Keifer, Esquire, the affidavit and testimony of Jeff B. Clark, Esquire, counsel for claimant, and having personally tried the matter and recalling with certain particularity the uniqueness and novelty of the issues, the benefits obtained for the claimant, the obvious time in research and preparation, and all factors, and, having excluded from my considération the time allocated by counsel for claimant to the preparation of the attorney’s fee affidavit and time allocated to the attorney’s fee hearing and time allocated to correspondence to and from Credit Bureau as listed in his affidavit, I find that the employer/carrier shall pay the claimant’s attorney, Jeff B. Clark, Esquire, the sum of Three Thousand Five Hundred Dollars ($3,500.00) representing a reasonable attorney’s fee for his legal services rendered.
Although the order states that all criteria set forth in § 440.34 and Lee Engineering were considered, there is nothing in the order stating which of the criteria were considered and why they were considered to increase the fee awarded to two and one-half times the statutory scheduled fee, which would be modified up or down only if affected by the listed criteria. When a deputy departs from the schedule, he should specify the reasons in his order. Roundtree Transport, Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982).
The claimant was injured on October 15, 1978. Section 440.34, Florida Statutes (Supp.1978) which was applicable in this case, provided that 75% of attorney’s fees on claims for benefits other than medical benefits shall be paid by the E/C and 25% by the claimant, unless the claimant proves that the E/C handled the claim in a negligent, arbitrary, or capricious manner. No effort was made to prove that the E/C handled the claim in a negligent, arbitrary, or capricious manner. Although claimant’s attorney made a claim for attorney’s fees based on temporary total compensation benefits, in addition to medical benefits, the entire claim was assessed against the E/C.
The benefits obtained for the claimant, including costs, total slightly less than $6,200. The scheduled fee on those benefits is $1,490. In view of the fact that the order sets forth no basis for deviating from the schedule set forth in the statute, and as a result of the failure of claimant’s attorney to make any effort to show the carrier handled the claim in a negligent, arbitrary, or capricious manner, I would amend the *984 order awarding attorney’s fees to provide for a fee of $1,490 and, as amended, would affirm.