SHIVERS, Judge.
In this workers’ compensation case the employer/carrier appeals the final order of the deputy commissioner which awards benefits to appellee, Adams. Appellant argues that the deputy commissioner erred in that there is no competent substantial evidence to support a finding of permanent total disability (PTD), that the deputy commissioner erred in awarding attorney’s fees, and that the deputy commissioner erred in finding that the employer/carrier was guilty of negligent, arbitrary and capricious handling of the claim. We affirm on the first two points, but reverse on the third.
There is competent substantial evidence in the record to support the deputy commissioner’s finding of PTD. The case of Latt Maxcy Corp. v. Mann, 393 So.2d 1128 (Fla. 1st DCA 1981), argued strenuously by appellant, concerns attorney’s fees and particularly the issue of when “notice” of a claim occurs under section 440.34(1), Florida Statutes (1977). The Latt Maxcy case does not illuminate how the right to reasonable investigation discussed therein would affect a decision of PTD. On the facts of the case sub judice, we find Latt Maxcy inapplicable.[1]
*168 Although the $10,000 attorney’s fee awarded in this case exceeds by over 20% the statutory rate set out in section 440.-34(1) and appears excessive, we will not substitute our judgment for that of the deputy commissioner. The order of the deputy commissioner reflects that he did consider all of the relevant, prescribed factors set out in section 440.34(1) to the extent that circumstances permitted. See Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968); Roundtree Transport, Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982). We therefore will not disturb his result on appeal.[2]
We find error, however, in the deputy commissioner's specific finding in his order that the employer/carrier handled this claim in a negligent, arbitrary and capricious manner. Under section 440.34(1), Florida Statutes (1978), with respect to attorney’s fees on claims for benefits other than medical benefits, 75% of such fees are to be paid by the.employer or carrier and 25% are to be paid by the claimant. The employer or carrier, however, is to pay all of the attorney’s fee if the claimant proves that the employer or carrier handled his claim in a negligent, arbitrary or capricious manner. Therefore, such a finding, or lack thereof, is significant to the parties. In the case at bar the deputy commissioner does not supply the basis for his finding on this issue. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981), implies that it is the delay or denial of payment by the employer/carrier, without a showing of active effort and initiative to fairly and expeditiously determine its obligation to place needed benefits in the hands of the injured worker which is the basis of a finding for “bad faith”. Although McDonald deals with a finding of bad faith under the 1979 amendments to the workers’ compensation law, this reasoning should be similar under the “negligent, arbitrary, or capricious” standard of the prior law. There is no evidence in the record of negligence, arbitrariness or capriciousness on the part of the employer/carrier. In this case the employer/carrier continued to pay TTD benefits to the claimant throughout the entire period of litigation and continuously attempted to determine its obligation via the attempted vocational rehabilitation of the claimant. The employer/carrier would have little incentive to continue to pay benefits to claimants during the period of litigation if an employer/carrier can be found to be acting in a negligent, arbitrary or capricious manner even though benefits are being provided.
Accordingly, the order of the deputy commissioner dated January 8, 1982 is AFFIRMED in part, REVERSED in part, and REMANDED for modification consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.

. Assuming arguendo that Latt Maxcy creates an unlimited right to investigate a claimant’s vocational rehabilitation potential, we note that by August 4, 1981 claimant was again available for such investigation.

. We find no merit in appellant’s argument that it did not resist the claim for permanent compensation.