566 So.2d 324 (1990)
Jordan MARSH and Adjustco, Inc., Appellants,
v.
Carlos BENEDETTO and the Division of Workers' Compensation, Appellees.
No. 89-791.
District Court of Appeal of Florida, First District.
August 22, 1990.
*325 George O'Brien, Miami, for appellants.
Marvin J. Kristal, Miami, for appellees.
ZEHMER, Judge.
The employer, Jordan Marsh, and the servicing agent, Adjustco, Inc., appeal an order awarding an attorney's fee to claimant's attorney in the amount of $95,000. They contend that the record does not contain competent, substantial evidence supporting a denial of compensability of an injury later found to be compensable. We reverse, holding that although a fee should have been awarded for bad faith pursuant to section 440.34(3)(b), Florida Statutes (1987), the fee award was excessive because the evidence and findings of fact in the appealed order do not warrant exceeding the statutory formula amount of $76,793.
At the hearing on the issue of the attorney's fee award, the judge of compensation claims found that the benefits secured for the claimant amounted to $508,088. The fee on this amount of benefits calculated pursuant to the formula in section 440.34(1), Florida Statutes (1987), equals $76,793. The attorney testifying for claimant on the amount of a reasonable fee gave a range of $77,000 to to $120,000, with the most reasonable figure being $95,000. The claimant's attorney testified that a reasonable fee would be $100,000. An attorney testifying for the employer and servicing agent opined that $30,000 would be a reasonable fee. The judge found $95,000 to be a reasonable fee, and entered an order awarding that amount.
Section 440.34 sets the percentage formula amount as the customary or presumptively fair fee for legal services rendered pursuant to a contingency fee arrangement; it further specifies that the judge shall consider the several factors in subparagraphs (a) through (h) in each case and "may increase or decrease the attorney's fee if, in his judgment, the circumstances of the particular case warrant such action... ." This requires analysis of each factor to determine whether, when considered as a whole, the overall effect of these factors demonstrably justifies an increase or decrease in the formula fee. The judge's findings with respect to each statutory *326 factor fail to support an award above the formula amount.
With regard to the first factor,[1] the judge found that claimant's counsel expended 98.25 hours of work, which was reasonable for this type of case. Regarding the second factor,[2] he found that there was no indication that this employment precluded claimant's counsel from "providing legal services to other clients." As to the third factor,[3] the judge found that the percentage fee schedule set by the formula in section 440.34 is the customary fee, and rejected testimony of appellants' expert that an hourly rate is the customary basis for determining a reasonable fee. Regarding the fourth factor,[4] the judge found that the value of benefits obtained was $508,088, and that "neither defense counsel nor his witness ... offered any other figure." The fifth factor[5] was explicitly given "little weight." As to the sixth factor,[6] the judge merely commented that counsel had represented claimant for almost two and one-half years. Addressing the seventh factor,[7] the judge found that counsel for both parties were experienced lawyers who had practiced in this area of law for many years and enjoyed excellent reputations. He noted that claimant's counsel "is Bar Certified in Workers' Compensation Law" and "able to provide the skilled services expertly and diligently." Regarding the final factor,[8] the judge found this was a contingency fee case and thus required that "this factor should be given great weight" because "counsel may receive nothing for his services," especially "where a case is controverted and numerous issues arising during the pendency of the claim are denied or controverted." The judge further found that appellants made "no concessions or admissions" during the several proceedings and that a "continuing adversarial posture was maintained throughout." Explicitly rejecting the $300 per hour fee proposed by appellants' expert, the judge acknowledged that the percentage formula fee is "the starting point for determining a reasonable fee" and found "that the factors involving experience, reputation and ability of the lawyers performing the service and the difficulty of the case and the contingency of this case are positive factors tending to raise the fee above the fee schedule."
The record contains sufficient evidence to support the finding that the value of benefits secured was $508,088. However, the explicit findings regarding each factor do not contain any basis for exceeding the formula fee. Indeed, the judge explicitly found that the customary fee in the locality for similar legal services was the percentage formula fee set by section 440.34. The order contains no finding with regard to the complexity or difficulty of the case that would justify an increase from the formula amount of $76,793. Furthermore, we note that this amount lies at the low end of the $77,000 to $120,000 range of the fee opined by claimant's expert witness. While attorneys' fees are not expected to be determined with precise exactitude, it is the function of the statutory formula to achieve this purpose in all cases except those in which consideration of the other factors demonstrates that the formula amount is manifestly unfair. § 440.34, Fla. Stat. (1987).
Finally, we hold that the fee award should be predicated on section 440.34(3)(b), *327 which governs bad faith fees. A portion of the fee award for the benefits secured pursuant to the employer's and servicing agent's initial controversion of the injury is payable pursuant to section 440.34(3)(c), and the initial order of May 20, 1987, awarding temporary total disability and other benefits so found. That order was not appealed and is no longer open to dispute. However, the benefits obtained in subsequent proceedings involving other disputed claims cannot be awarded under that section, for the compensability of the injury was not placed in dispute in those proceedings. See Hillsborough County School Board v. Hilburn, 472 So.2d 1309 (Fla. 1st DCA 1985). The evidence supports the judge's finding that appellants acted in bad faith in handling the claims in this case, and that finding clearly supports a fee award pursuant to section 440.34(3)(b). We reject appellants' argument that they are entitled to another hearing on bad faith fees.
Accordingly, we REVERSE the appealed order and REMAND for entry of an order consistent herewith.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] "(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly."
[2] "(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients."
[3] "(c) The fee customarily charged in the locality for similar legal services."
[4] "(d) The amount involved in the controversy and the benefits resulting to the client."
[5] "(e) The time limitation imposed by the claimant or the circumstances."
[6] "(f) The nature and length of the professional relationship with the claimant."
[7] "(g) The experience, reputation, and ability of the lawyer or lawyers performing services."
[8] "(h) The contingency or certainty of a fee."