WOLF, Judge.
Barco Vending Company and American Policyholders, the employer and carrier (E/C), appeal from a final order of the judge of compensation claims (JCC) which granted fees to claimant’s attorney. The E/C asserts that the JCC erred in failing to determine the amount of benefits that the attorney obtained for the claimant and in basing the award of fees solely on an hourly rate. We agree and reverse.
The E/C and the claimant agree that claimant’s attorney is entitled to an award of attorney’s fees. At the hearing to determine the amount of fees, claimant’s attorney testified that he secured $221,172.36 in benefits for his client. He also stated that he was entitled to an hourly fee of $350. Appellant contends that claimant’s attorney obtained benefits of only $41,596.90 and that a guideline fee of $6,998.82 is appropriate. In the alternative, appellants contended that an hourly fee of $100 to $125 was appropriate, and calculated on that basis, the fee should have been between $13,900 and $17,375.
At the conclusion of the hearing, the JCC issued an order which, in pertinent part, found as follows:
[A]s a starting point under F.S. 440.34, I have considered Mr. Harum’s opinion that benefits obtained were $221,172.36, and the employer/carrier’s opinion that benefits obtained were $41,596.90. *129 While I acknowledge both positions as to benefits obtained, under the circumstances I gave more weight to the time spent by claimant’s counsel in behalf of the claimant.
The order concluded that
I again state that in my estimation the hourly rate to be charged is the most important factor in my making a determination as to attorney’s fees, and I feel that Mr. Harum is entitled to a fee of slightly less than $250.00 per hour based on the 139 hours spent in behalf of Mr. Villalonga. That fee amount is $34,-000.00.
The order never made a finding concerning the amount of benefits which were actually obtained by claimant’s attorney.
Section 440.34(1), Florida Statutes, in pertinent part, states that any fee, except as provided for in that subsection
shall be equal to 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured.
Benefits secured are those obtained as a result of the claimant’s attorney’s legal services rendered in connection with the claim for benefits. After determining the benefits obtained, the JCC shall then consider all the statutory factors in determining whether to increase or decrease the guideline fee. The customary hourly rate is only one factor to be considered.
This court has stated that “[T]he statutory fee schedule embodies a legislative intent to standardize the method of assessing fees; departures from its percentage formula should be made only in exceptional circumstances.” Tri-State Motor Transit v. Judy, 566 So.2d 537 (Fla. 1st DCA1990). In Marsh v. Benedetto, 566 So.2d 324 (Fla. 1st DCA1990), we recognized that “while attorneys’ fees are not expected to be determined with precise exactitude, it is the function of the statutory formula to achieve this purpose in all cases except those in which consideration of the other factors demonstrates that the formula amount is manifestly unfair.” Id. at 326.
In order to comply with the statutory mandate, the JCC must make a determination of the benefits which have been obtained as a result of the efforts of the attorney. The JCC may then only utilize the customary hourly rate as one of the factors in the consideration of whether to deviate from the statutory guidelines fee based on benefits obtained. The JCC failed to follow this procedure.
The order of the JCC is, therefore, reversed and the case is remanded for further proceedings to determine the amount of benefits obtained as a result of the efforts of the attorney, and to apply the factors enumerated in the statute to determine whether a deviation from the statutory fee schedule is justified.
SMITH and WIGGINTON, JJ., concur.