PER CURIAM.
The City of Daytona Beach, the self-insured employer, appeals a final order of the judge of compensation claims which granted fees to claimant’s attorney. The City argues that the order of the judge of compensation claims is deficient for not specifying the amount, statutory basis, and type of benefits obtained through legal representation. We reverse.
Section 440.34(2), Florida Statutes, provides:
In awarding a reasonable attorney’s fee, the judge of compensation claims shall consider only those benefits to the claimant that the attorney is responsible for securing. The amount, statutory basis, and type of benefits obtained through legal representation shall be listed on all attorney’s fees awarded by the judge of compensation claims. For purposes of this section, the term “benefits secured” means benefits obtained as a result of the claimant’s attorney’s legal services rendered in connection with the claim for benefits.[1]
After determining the benefits obtained, the judge of compensation claims must then consider all the statutory factors in determining whether to increase or decrease the guideline fee. Sec. 440.34(1), Fla.Stat. See Barco Vending Co. v. Villalonga, 608 So.2d 128 (Fla. 1st DCA 1992).
The judge of compensation claims issued an order which, in pertinent part, provided:
After reviewing the Affidavits submitted, hearing argument of counsel, reviewing the file and being otherwise fully advised in the premises, I find that a reasonable fee for Claimant’s attorney for representation of the Claimant in obtaining benefits is $49,500.00.
The order never made a finding concerning the amount of benefits which were actually obtained by claimant’s attorney. It is not possible to determine whether the judge of compensation claims awarded, or departed from, the statutory fee.
*610 The order of the judge of compensation claims is reversed. The case is remanded for the judge of compensation claims to determine the amount of benefits obtained as a result of the efforts of the attorney, and to determine whether, based upon specific findings regarding the factors in section 440.34(l)(a)-(h), a deviation from the statutory fee schedule is justified.
ERVIN, BARFIELD and WEBSTER, JJ., concur.

. The 1989 amendment to section 440.34(2), Florida Statutes, which provides that the "amount, statutory basis, and type of benefits obtained through legal representation shall be listed on all attorney's fees awarded,” is procedural in nature and applies to an award of attorney’s fees in cases in which the accident preceded the amendment. Cf. Volusia Memorial Park v. White, 549 So.2d 1114 (Fla. 1st DCA 1989).