PER CURIAM.
Wendell Jordan (Claimant) appeals a workers’ compensation order awarding $1,531.60 in attorney’s fees for the services of his attorney in obtaining an award of temporary total disability benefits, payment of certain medical bills, and costs. The parties stipulated that the amount of a reasonable attorney’s fee due Claimant could be determined on affidavits. Claimant submitted two affidavits, one for $14,000 and the other for $6,150. The employer and carrier submitted an affidavit evaluating the fee between $1,531.60 and $1,750.00. Claimant contends the order is legally insufficient because it fails to set forth the nature or value of the benefits secured and an explanation of the basis of the award, as required by section 440.34, Florida Statutes (1989).
The appealed order recites the following:
THIS CAUSE came before the undersigned Judge of Compensation Claims on the question of amount of attorney[’s] fees, counsel for the parties stipulated that counsel for the Claimant is entitled to recover a reasonable attorneyt’s] fee from the Employer and Carrier/Servicing Agent, counsel for the parties stipulated that the undersigned may set the amount of attorney[’s] fees based on the affidavits submitted, the undersigned having reviewed the affidavits filed herein, it is therefore
ORDERED AND ADJUDGED that the Employer and Carrier/Servicing Agent pay to counsel for the Claimant a reasonable attorney[’s] fee in the amount of $1,531.60 for his efforts thus far.
As this order is patently insufficient to comply with the requirements of law, we summarily reverse and remand for entry of *558 an order that contains an explanation of the factors listed in subsection 440.34(1) and describes the benefits obtained in accordance with subsection 440.34(2) (“The amount, statutory basis, and type of benefits obtained through legal representation shall be listed on all attorney’s fees awarded by the judge of compensation claims.”). See Sherwood Medical Industries v. Ward, 397 So.2d 396 (Fla. 1st DCA 1981); Casings, Florida, Inc. v. Williams, 389 So.2d 705 (Fla. 1st DCA 1980).
REVERSED AND REMANDED.
ZEHMER, C.J., and BOOTH and WOLF, JJ., concur.