KAHN, Judge.
In this workers’ compensation case, the employer/carrier (E/C) seek review of an order on attorney’s fees, which reads in its entirety:
THIS CAUSE came on to be heard before the undersigned on September 28, 1992. The Court having heard testimony and reviewed the Expert Affidavits and being otherwise fully advised in the premises it is hereby
ORDERED AND ADJUDGED that:
1) The Claimant’s attorney is entitled to an attorney’s fee in the amount of: $18,-570.00 for the trial attorney’s fee and $5,250.00 for the appeal attorney fee for a total amount $23,820.00.
The fee allocated to the trial portion of the case represents a substantial departure from the percentage formula amount established by the legislature in section 440.-34(1), Florida Statutes (1989). The order under review addresses none of the factors set out in the statute, which the judge of compensation claims (JCC) is required to consider as a predicate for increasing or decreasing the statutory attorney’s fee. This court has observed that such an order is “patently insufficient to comply with the requirements of law.” Jordan v. American Gypsum, 627 So.2d 557 (Fla. 1st DCA 1993). Faced with such an insufficient order, this court has summarily reversed, without considering whether the amount awarded is correct. See Sherwood Medical Indus. v. Ward, 397 So.2d 396 (Fla. 1st DCA 1981); Casings, Fla., Inc. v. Williams, 389 So.2d 705 (Fla. 1st DCA 1980). See also Jordan v. American Gypsum, supra. While we reaffirm the rule that section 440.34 “reflects a clear legislative intent to standardize attorney fee awards absent exceptional circumstances,” Georgia-Pacific Corp. v. DeLoach, 603 So.2d 702, 705 (Fla. 1st DCA 1992), we find that affirmance of the attorney’s fee is required in this case.
*1169 Within two weeks of the date the E/C filed a notice of appeal of the fee order, appellee, recognizing that the order “does not include an analysis of the statutory factors supporting the fee award,” moved this court to remand the matter to the JCC for entry of an order appropriate for appellate review. The court issued an order requiring the E/C to show cause why the motion for remand should not be granted. In response, the E/C objected to remand, stating, “[Ujpon review of the record, this court may come to its own conclusion that the award is excessive based on the amount of benefits paid.” This court denied the motion.
In their brief, E/C do not request the court to vacate the order and remand to the JCC for entry of another order. Rather, the sole relief requested at the conclusion of appellant’s initial brief is for “this Honorable Court [to] reverse the Order of the Judge of Compensation Claims and set the value of attorney’s fees that are due to the Claimant based on the statutory guideline in Section 440.34, Florida Statutes (1989).”[1] At oral argument, counsel for E/C candidly stated that he was not seeking a remand, but was requesting this court to set the attorney’s fee. Thus, the posture of this case is that no party has requested this court to follow the dictate of Jordan v. American Gypsum, supra, and “summarily reverse and remand for entry of an order that contains an explanation of the factors listed in subsection 440.-34(1) and describes the benefits obtained in accordance with subsection 440.34(2).” 627 So.2d at 558.
Appellant relies upon Georgian-Pacific Corp. v. DeLoach, supra, and argues that since the record contains no competent substantial evidence to support the JCC’s decision, we should set the fee rather than reversing and remanding. Georgia-Pacific is, however, distinguishable. In the present case, the record contains ample evidence on both sides as to reasonable time spent in the ease, reasonable hourly attorney’s fees, and most significantly, attention by various expert witnesses to the factors contained in section 440.34(1). The JCC reduced the number of hours claimed by appellee’s lawyer and arrived at an hourly fee well within the range established by expert affidavits. In the Georgia-Pacific case, claimant’s attorney kept no time records whatsoever. This court found that the attorney was doing nothing more than guessing at the number of hours he had spent on the representation. Further, the record contained no justification whatsoever for the trial judge’s decision that an hourly rate of $287.43 was customary at the relevant times and locality for similar legal services. Concluding our analysis of deficiencies, we noted a lack of competent substantial evidence as to virtually all the factors contained in section 440.34(1). 603 So.2d at 706.
While the present record allows room for difference of opinion as to whether the matter was sufficiently exceptional to justify a departure from the fee schedule, we conclude that the record is not devoid of competent substantial evidence in that regard. More importantly, we decline E/C’s invitation for this court to begin routinely setting trial attorney’s fees in workers’ compensation cases. We reiterate that were the only issue before us the facial sufficiency of the order, we would summarily reverse and remand. Since that relief has not been requested, however, we affirm the award of trial attorney’s fees.
We also affirm the award of appellate fees, noting that the amount awarded was well within the range of the expert affidavits presented to the JCC. Once again, we “reject appellant’s assertion that section 440.-34(1) mandates calculation of appellate attorney’s fees in workers’ compensation cases based upon the percentage based ‘starting place’ fee for which that statute provides.” Cohen v. T & M Auto Service, 542 So.2d 452, 453 (Fla. 1st DCA 1989) (Emphasis in original); Spaulding v. Albertson’s, Inc., 610 So.2d 721 (Fla. 1st DCA 1992).
AFFIRMED.
MINER and LAWRENCE, JJ., concur.

. A required part of any initial brief is: "A conclusion, of not more than 1 page, setting forth the precise relief sought.” Fla.R.App.P. 9.210(b)(6).