352 So.2d 852 (1977)
R.H. COODY & ASSOCIATES, INC., et al., Petitioners,
v.
Raymond T. SHELTON et al., Respondents.
No. 50806.
Supreme Court of Florida.
September 29, 1977.
Rehearing Denied December 28, 1977.
Heskin A. Whittaker, of Whittaker, Pyle & Stump, Orlando, for petitioners.
Roy L. Glass, of Meyers, Mooney & Adler, Orlando, for respondents.
BOYD, Justice.
On a workmen's compensation claim by R.T. Shelton the Judge of Industrial Claims found Shelton permanently and totally disabled and ordered appropriate benefits. Shelton's attorney had not kept a time record, but he estimated that he had spent forty hours on the claim. The Judge awarded an attorney fee of $13,000. The Industrial Relations Commission unanimously affirmed the award of benefits and, by a split vote, affirmed the attorney fee award, Commissioner Friday dissenting.
The employer and its insurance carrier now petition this Court for certiorari because, in their view, both the disability finding and the award of attorney fees depart from the essential requirements of law.
The record shows that the finding of permanent, total disability and award of benefits are supported by competent and substantial evidence. The Commission, therefore, correctly affirmed them. Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974). The award of attorney fees, however, is plainly excessive. If the attorney, as he estimated, spent forty hours on the claim, his rate of compensation is $325.00 per hour. Expert testimony before the Judge of Industrial Claims offered that cases of this kind often necessitate up to sixty hours of work by an attorney. Even if the award is predicated on this testimony it is excessive.
*853 Certiorari is granted and the cause is remanded to the Industrial Relations Commission for a reduction of the award of attorney fees. In setting the award the Commission should consider the factors listed in The Code of Professional Responsibility, Disciplinary Rule 2-106, Fees for Legal Services.[*]
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and KARL, JJ., concur.
ADKINS, J., dissents and would affirm the Order of the Industrial Relations Commission.
HATCHETT, J., dissents.
NOTES
[*] See Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968).