PER CURIAM.
Appellants challenge that reasonableness of a $12,000 attorney’s fee award. In an effort to ascertain the basis for said award, we have turned to the deputy commissioner’s order and find that the primary considerations influencing his decision were: benefits in the amount of $68,000; the conclusion that claimant’s counsel expended some 70 hours with considerable correspondence in the case; the medical complexity of the issues, and the bitterness of the defense.
The estimate of hours relied on by the deputy commissioner does not bear scrutiny in light of counsel’s admission that he did not keep time sheets and had no accurate record of hours devoted to the case. The figure used by the deputy commissioner was obviously obtained from an affidavit which erroneously considered time expended in prosecuting an appeal before the Industrial Relations Commission and a subsequent petition for certiorari to the Supreme Court of Florida. Introduced into evidence was a second affidavit in which an attempt was made to estimate the number of hours by file review. The affiant, by utilizing this method, arrived at an estimate of 50 hours, which would compensate claimant’s counsel at the rate of $240 per hour which is patently excessive. R. H. Coody & Associates, Inc. v. Shelton, 352 So.2d 852 (Fla.1977); Montgomery Ward & Co. v. Matherne, IRC Order 2-3580 (October 27, 1978).
The order dated April 20, 1979, is at variance with numerous court and commission decisions and is accordingly reversed. The cause is remanded to the deputy commissioner with directions that he fix a reasonable attorney’s fee based on the present record in light of all applicable criteria. See R. H. Coody & Associates, Inc. v. Shelton, supra; Publix Supermarket, Inc. v. Rogow, IRC Order 2-3695 (February 9, 1979), cert, filed; Okaloosa County Gas District v. Mandel, IRC Order 2-3679 (January 31, 1979), cert. denied, (Case No. 56,234, September 26, 1979); Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968); State of Florida, Glades Correctional Institution v. Paulk, IRC Order 2-3569 (October 13, 1978); Bonnelson, Inc. v. Benzenhafer, IRC Order 2-3623 (November 30, 1978); Volpe v. Sirozotti & Natale Nobili *DCCCXCVI Construction Co., IRC Order 2-3171 (May 31, 1977).
McCORD, SHAW and WENTWORTH, JJ., concur.