394 So.2d 453 (1981)
OKALOOSA COUNTY GAS DISTRICT et al., Appellants,
v.
Christopher MANDEL, Appellee.
No. TT-383.
District Court of Appeal of Florida, First District.
February 6, 1981.
Larry Hill of Sherrill, Moore & Hill, Pensacola, for appellants.
John L. Myrick of Myrick & McKenzie, P.A., Pensacola, for appellee.
PER CURIAM.
The employer and carrier appeal the award of attorney's fees claiming it to be excessive and urge error concerning an award of interest on the amount dating from 21 days after a joint stipulation was approved by order. We reverse only the second point.
On August 21, 1978 the deputy originally awarded a fee of $10,000, deviating only slightly from the statutory formula set forth in Section 440.34,[1] Florida Statutes (1977) because there was nothing particularly unique or novel about the issues in the *454 case and attorney time should not have exceeded 40 hours. (The attorney estimated time spent of 61.76 hours). The Industrial Relations Commission, approving the deputy's factual findings, reversed, holding that the award was plainly excessive. On remand, the deputy reduced the award to $7,950.00. Under the sliding scale provisions of the statute an award would initially have been set at $11,025.00.
In affirming the first point, we have considered the percentage fee schedule and Lee Engineering[2] factors codified in Section 440.34, effective here after the accident date, but before the time of the deputy's award. The statute in this regard is not the type of radical or substantive change which would preclude retrospective application. See Florida International University v. Phillips, IRC Order 2-3902 (1979). "The amendment, in effect, merely amplified the case law and altered in certain respects the burden of proof on fee issues by specifying grounds for departure from the stated schedule." Lawrence Nali Construction Co. v. Price, IRC Order 2-3909 (1979).
In the 1977 statute, the legislature has approved a modest contingent percentage formula as the starting point for determining a reasonable fee. Under the statutory scheme, the deputy must then consider factors (1)(a)-(h). Using his discretionary judgment, the deputy commissioner may increase or decrease the fee award. See Southern Bell Telephone & Telegraph v. Rollins, 390 So.2d 93 (Fla. 1st DCA 1980); East Coast Tire Co. v. Denmark, 381 So.2d 336, 339-340 (Fla. 1st DCA 1980). Prior to this statutory enactment, it was considered by the courts that the nature of workers' compensation law was such that the contingent percentage basis was not appropriate. Lee Engineering and Construction Co., 209 So.2d at 458. The validity of this view remains because the legislature also requires consideration of the Lee Engineering factors in addition to the new contingency fee provisions. But because the new statute emphasizes a contingent fee formula as a starting point, we think there may be instances when an award, arguably excessive under Lee Engineering, may now be approved as set reasonably within the deputy's broad range of discretion. Although under all the circumstances the award here appears high, especially considering its per hour rate, we cannot say that the deputy abused his discretion in resetting the award at $7,950, a reduction of the statutory award by about 27%. See United States Steel Corp. v. Greene, 353 So.2d 86, n. 9 (Fla. 1977) (Court comments it has previously condemned the practice of computing fee awards as a percentage of the ultimate benefits awarded to the claimant, but subsequently notes that the newly enacted sliding scale guidelines may eliminate the need for remands in future cases). But see Florida International University, supra at p. 7. We conclude that to judge the excessiveness of the award solely on the basis of its per hour rate would be to improperly ignore the new sliding scale provisions in the statute. Accordingly, Point I is affirmed.
As to the second point, in a workers' compensation case, "interest should run on attorney's fees from the time they are awarded by deputies." Stone v. Jeffres, 208 So.2d 827 at 830 (Fla. 1968). Attorney's fees bear interest from the date of the award by a deputy commissioner unless the award is reversed on appeal. Mander v. Concreform Company, 212 So.2d 631 (Fla. 1968). In a joint stipulation the parties agreed here that the deputy would retain jurisdiction for the purpose of determining a reasonable attorney's fee. We do not think this stipulation, approved by the deputy *455 before the fee hearing, modifies the above rules. In these circumstances, the fee payment was due and payable only when the deputy determined a reasonable fee. Therefore, the interest in this case should run from the date of January 15, 1980, the date of the appealed order.
Affirmed in part and reversed in part.
McCORD, SHIVERS and JOANOS, JJ., concur.
NOTES
[1] The statute in relevant part states: 440.34

(1) [T]here shall, in addition to the award for compensation, be awarded a reasonable attorney's fee of 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured, to be approved by the judge of industrial claims, which fee may be paid direct to the attorney for the claimant in a lump sum. However, the judge of industrial claims shall consider the following factors in each case and may increase or decrease the attorney's fee if in his judgment the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(h) The contingency or certainty of a fee.
[2] Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968).