SMITH, Judge.
Appellant Mary Chesnick appeals a final order of the deputy commissioner awarding her attorney $12,500 in this workers’ compensation action. She seeks reversal of the deputy’s fee award, contending that the deputy abused his discretion in awarding a fee substantially below the amount indicated by application of the statutory guidelines, section 440.34(1), Florida Statutes (1983). For the reasons that follow, we reverse.
Appellant injured her lower back during the course and scope of her employment on June 23, 1978. She was found to have reached MMI on January 22, 1982. Thereafter, she filed a claim for PTD benefits, medical bills, and nursing services provided by her husband. After a hearing, the deputy commissioner entered an order dated January 10, 1985, granting claimant’s claim for nursing services in the amount of $140.00 per week, as well as her request for a partial lump sum advance of future PTD benefits of $20,000. However, the order denied claimant’s request for medical treatment in the form of neck surgery, as well as a claim for a medical bill from a Dr. Foreman. No appeal was taken by the parties from this order.
The deputy’s order of January 10, 1985 reserved jurisdiction on the issue of claimant’s entitlement to an award of attorney’s fees. At a subsequent hearing on this issue, claimant presented the testimony of Harry Goodmark that, based upon the criteria set forth in Section 440.34, as well as the case of Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla.1968), a reasonable attorney’s fee in this case would be $20,000. Appellees presented no expert testimony as to the proper amount of attorney’s fees.
In his final order, the deputy found that, while counsel for claimant did not prevail on all issues presented at the merits hearing, counsel would not have been able to spend less time on the case had he not pursued those issues since, according to the deputy, the various issues were all intertwined. As a result, the deputy commissioner accepted the testimony of claimant’s counsel that he spent 89.3 hours prosecuting claimant’s case. The deputy further found, based upon the medical evidence of record, that any improvement in claimant’s ability to take care of herself as a result of proposed neck surgery would be speculative. That being so, the deputy found, it was proper to project the future value of nursing care benefits awarded claimant over claimant’s life expectancy. The deputy’s order also found that the amount of benefits recovered due to the efforts of claimant’s counsel was $128,600.00, and that the claim involved “some difficult issues,” and was “relatively contingent” so as to require the services of an experienced attorney.
Finally, after stating that he had considered the amount of benefits obtained, the amount of time spent on the case, “plus all other appropriate factors,” the deputy found that claimant’s attorney was entitled to a fee of $12,500.00. The deputy noted that this fee was less than the $20,000.00 fee recommended by the fee schedule found at section 440.34(1). However, he found that a downward departure from the recommended workers’ compensation attorney’s fee was justified for three reasons: (1) Claimant’s attorney did not prevail “on a significant part of his claim,” (2) there was a “significant possibility” that claimant would not require all projected future nursing care services and, (3) the fact that claimant’s attorney took over claimant’s case from another attorney “almost surely [meant] that significant duplication of effort occurred.”
The deputy commissioner denied appellant’s claim for reimbursement of a $300 expert witness fee of Dr. Batas, based upon the further finding that this cost was expended in the prosecution of claimant’s attorney’s fees claim rather than in seeking benefits for claimant.
*764 We agree with appellant that reversal of the deputy’s order is required. In examining the reasons given by the deputy for awarding a fee smaller than called for by the recommended fee schedule found in Section 440.34, we find that these were insufficient, either separately or in the aggregate, to justify the deputy’s downward departure. The deputy commissioner himself found, in paragraph 3 of his order, that the time spent by claimant’s attorney in prosecuting those issues upon which claimant did not prevail was required for prosecution of the entire claim, including both successful and unsuccessful issues. Thus, there exists no basis for the deputy’s citation to the failure of claimant’s attorney to prevail “on a significant part of [claimant’s] claim” as a reason to reduce the fee awarded. Nor does the evidence support the deputy’s finding that there was “at least a significant possibility that the claimant will not require all the projected nursing care benefits,” since the medical testimony concerning both the possible reduction to claimant’s life expectancy caused by her sedentary life-style and the impact on claimant’s mobility of a future neck surgical procedure was expressly found to be speculative by the testifying physicians, Drs. Baker and Batas. See Basford v. Florida Power & Light Company, 246 So.2d 1, 2 (Fla.1971) (attorney’s fee award may not be reduced based in part on speculation as to future events). Likewise, the record is devoid of any evidence of significant duplication of services provided claimant by her attorneys.[1]
We have previously held that Section 440.34 embodies a legislative intent to standardize attorney’s fee awards in workers’ compensation cases unless “exceptional circumstances” exist for departure from the recommended fees. Fiesta Fashions, Inc. v. Capin, 450 So.2d 1128, 1129 (Fla. 1st DCA 1984). Here, we are unable to discover any exceptional circumstances justifying the deputy’s decision to award claimant’s attorney a fee below that called for by section 440.34(1). Therefore, we hold that the deputy commissioner abused his discretion in choosing to award an attorney’s fee below the fee level indicated by Section 440.34(1). See Williams v. Delta Upsilon Fraternity, 462 So.2d 552, 555 (Fla. 1st DCA 1984). We also reverse the deputy commissioner’s denial of reimbursement of the $300.00 expert witness fee paid by claimant to Dr. Batas, since costs in obtaining an attorney’s fee award are recoverable by the claimant. Davis v. Keeto, 463 So.2d 368, 371 (Fla. 1st DCA 1985), pet. for rev. den., 475 So.2d 695 (Fla.1985); Crittenden Orange Blossom Fruit, et al. v. Stone, 492 So.2d 1106 (Fla. 1st DCA 1986).
Accordingly, we reverse and remand to the deputy commissioner for entry of an order awarding appellant’s attorney a fee based upon the evidence presented below and the recommended fee guidelines found in Section 440.34(1), Florida Statutes (1983).
REVERSED and REMANDED with directions.
JOANOS and WIGGINTON, JJ., concur.

. Certain computer printouts listing the various activities undertaken by claimant’s attorney on her behalf, introduced into evidence without objection by appellees, indicated that claimant’s attorney spent only 1.75 hours out of a total of 89.3 hours expended on claimant’s claim in initially reviewing the case file and discussing the case with claimant’s prior attorney.