651 So.2d 124 (1995)
TRANS WORLD TIRE CO. and Transportation Casualty Insurance Co., Appellants,
v.
Martin HAGNESS, Appellee.
No. 93-4213.
District Court of Appeal of Florida, First District.
February 9, 1995.
Rehearing Denied March 27, 1995.
Veronica M. Biddle and John M. Kelley of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, P.A., Ft. Lauderdale, for appellants.
Richard S. Thompson of Vaughan, Donohoe & Thompson, Orlando and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
WENTWORTH, Senior Judge.
This is an appeal of a December 6, 1993 final workers' compensation order awarding an attorney's fee to claimant's attorney for securing permanent total disability (PTD) benefits on his client's behalf. We affirm.
Claimant filed an initial claim for benefits on February 10, 1992 seeking medical care and wage loss benefits, and the parties entered *125 into a joint stipulation settling that claim for benefits and a number of other matters. After claimant reached maximum medical improvement (MMI) on March 13, 1992 and was assigned a permanent impairment rating of 29.5 percent, claimant filed a claim for PTD benefits with supplementals. A pre-trial conference and hearing were held on this claim, but the employer/carrier (E/C) did not appear by counsel or authorized representative at either. The judge of compensation claims (JCC) entered an order on July 19, 1993 awarding claimant PTD benefits retroactive to the date of MMI and entitlement to attorney's fees.
A hearing was held on November 22, 1993 to determine the amount of a reasonable attorney's fee. On December 6, 1993, the JCC entered his order awarding a $35,000 fee. In so doing, the JCC began with an uncontested statutory guideline fee of $45,610.53 calculated according to the present value of benefits claimant's attorney obtained for him, which amounted to $299,070.19. The JCC then considered all of the factors delineated in section 440.34(1)(a)-(h), Florida Statutes (1991), and found that none of them warranted a departure from the guidelines. However, in departing from the guidelines and awarding a $35,000 fee, the JCC stated:
I find that a downward departure from the guideline attorney fee is appropriate in this case, solely because the statutory guideline attorney fee results in a high hourly rate. Accordingly, because of this factor, and this factor alone, I have chosen to downwardly depart from the statutory guideline attorney fee and award a fee in the amount of $35,000.[1] In arriving at this amount, I have carefully considered the affidavits submitted by both parties, and have fully considered the fact that the expert for the Employee/Claimant was of the opinion that a guideline attorney fee was appropriate and that the expert for the Employer/Carrier felt that a $15,000 attorney fee would be appropriate. However, after considering the totality of the circumstances, each of the factors addressed above, and being fully aware of the circumstances of this case, I have arrived at the amount of $35,000, which is reasonable.
The starting point in determining a fee award under section 440.34 is the amount of benefits the attorney obtained for the claimant. Fumigation Dep't v. Pearson, 559 So.2d 587, 590 (Fla. 1st DCA 1989). Although "[t]he deputy is vested with considerable discretion in his analysis of the statutory criteria and his conclusion as to what constitutes a reasonable fee," Id., since "the statutory fee schedule embodies a legislative intent to standardize the method for assessing fees[,] departures from its percentage formula should be made only in exceptional circumstances." Tri-State Motor Transit Co. v. Judy, 566 So.2d 537, 539 (Fla. 1st DCA 1990). Judge Johnson's order on attorney fees reflects appropriate consideration of the statutory factors. In his order, he analyzed each factor individually and determined that none warrants a departure from the guidelines fee. However, as above noted, he eventually departed from the guidelines and awarded a fee of $35,000 based on his finding that the statutory fee resulted in a high hourly rate.
In Okaloosa County Gas Dist. v. Mandel, 394 So.2d 453, 454 (Fla. 1st DCA 1981), this court affirmed a fee award, stating: "Although under all the circumstances the award here appears high, especially considering its per hour rate, we cannot say that the deputy abused his discretion in resetting the award at a reduction of the statutory award by about 27%." Id. at 454. Although the court has determined that the hourly fee customarily charged and the time involved are major considerations in determining a reasonable fee in certain cases, the present situation does not fall within those categories. Rivers v. SCA Servs., Inc., 488 So.2d 873 (Fla. 1st DCA 1986) ("the minimum amount of time and labor reasonably required and the hourly fee customarily charged for similar services is properly treated as a major consideration in determining the amount of fee due in bad faith cases where the amount of benefits involved are minimal."); Bacon v. Broward Employment *126 & Training Admin., 501 So.2d 724, 726 (Fla. 1st DCA 1987), dismissed, 509 So.2d 1117 (Fla. 1987).
In light of the general rule vesting the JCC with considerable discretion in determining what constitutes a reasonable fee, and the legislature's intent that section 440.34 standardize fees, we conclude that the JCC's award should be affirmed. We note that the determination in an earlier order that a $225 hourly fee was reasonable had been made in light of the specific context in which it was awarded, i.e., services in securing stipulated amounts of medical and disability benefits. From that point, resistance to permanent benefits continued through the date they were finally awarded, and the fact that E/C ultimately did not appear at the hearing does not indicate that the benefits had been uncontested or conceded. The claim instead appears to have been controverted throughout the time when counsel's full preparatory efforts were expended.
AFFIRMED.
ERVIN, J., concurs.
BENTON, J., dissents.
BENTON, Judge, dissenting.
The July 19, 1993 order under review was the second order awarding attorney's fees entered in this case. On December 1, 1992, a predecessor judge of compensation claims awarded claimant $5,310 in attorney's fees. Based on the amount of the benefits initially secured, a statutory fee would have been $1,856, but the judge of compensation claims increased the figure to $5,310, relying on the claimant's attorney's uncontroverted affidavit documenting 23.6 hours reasonably expended to secure the initial benefits. In making the award the judge explicitly found that "a reasonable fee in this case would be $225 an hour."
Mr. Hagness subsequently filed two more claims, one for penalties for late payment of the first attorney's fee award, and one for permanent total disability benefits. Neither the employer nor the carrier made any effort to oppose either claim. The benefits awarded on these claims were valued at $299,070.19, so that the statutory fee formula yielded $45,610.53, even though only 20.6 hours were necessary to obtain recovery. The $35,000 eventually awarded by the judge of compensation claims, who reduced the formula amount purportedly to avoid a "high hourly rate," resulted in an hourly rate of approximately $1700.
The majority opinion concludes that a fee of $1,699.03 per hour must be affirmed as a "reasonable fee" because of the "considerable discretion" vested in the judges of compensation claims to determine attorney's fees, and because of the "legislature's intent that section 440.34 standardize fees." But section 440.34(1), Florida Statutes (1991), requires the judge of compensation claims to consider statutorily enumerated factors in each case, to determine if "the circumstances of the particular case warrant" an upward or downward adjustment.
In this very case, it was determined that $5,310 was reasonable compensation for 23.6 hours' work, in light of all of the statutory factors. That the order under review, finding that work which took three hours less to accomplish, and resulted in an outcome never even opposed by the other side, should result in compensation by a fee nearly seven times as great, does very little to "standardize fees."
This fee was awarded for presenting straightforward claims for permanent total disability benefits and penalties. Neither the employer nor the carrier even appeared. This was the extent of any "resistance." Except for the ease and certainty of recovery, there was nothing exceptional about this case. Compare What An Idea, Inc. v. Sitko, 505 So.2d 497 (Fla. 1st DCA), review denied, 513 So.2d 1064 (Fla. 1987) (fee for obtaining benefits valued at more than $17,500,000 which amounted to $2700 an hour for approximately 651 hours' work was reasonable where the judge of compensation claims found the case to be the most complex and hard fought he had ever seen, where claimant's counsel's singular skill and unique expertise dramatically reduced the number of hours needed to successfully pursue the claim, where the likelihood of success had been slim, and where the fee had been significantly *127 reduced from the statutory amount). The majority acknowledges that downward departure from the percentage formula is appropriate.
The time and labor required here dictate a more significant downward departure from the statutory fee. See Dep't of Agriculture and Consumer Services v. Handy, 413 So.2d 808, 809-10 (Fla. 1st DCA), review denied, 419 So.2d 1198 (Fla. 1st DCA 1982) (fee award of $20,000 was patently excessive based on evidence as to time expended; record provided competent, substantial evidence to support award no greater than $4,000); City of Leesburg v. Padgett, 397 So.2d 732, 733 (Fla. 1st DCA 1981) (award of statutory fee based on continuing attendant care benefits without substantial reduction for the circumstances of case, particularly time expended and issue involved, would be an abuse of discretion); Redmer Sons Co. v. Waugh, 377 So.2d 815 (Fla. 1st DCA 1979) (fee award of $12,000 for fifty hours' work produced a patently excessive hourly rate of $240). The Handy court recognized that this court had previously held that a fee award will not be reversed solely because a high hourly rate results, see Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981), but found, nevertheless, that it could not sanction a fee award that the record suggested would amount to $1,000 per hour. Handy, 413 So.2d at 810. The time and labor required here, when considered in conjunction with the other statutory factors, dictate a much lower fee.
That the fee in the instant case is excessive is also suggested by "reasonable" statutory fees awarded in other contexts. In Standard Guaranty Insurance Company v. Quanstrom, 555 So.2d 828, 833 (Fla. 1990), the court reiterated its approval of the lodestar calculation adopted in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), as the starting point for determining reasonable attorney's fees. The Quanstrom court authorized a maximum contingency multiplier of 2.5. Quanstrom, 555 So.2d at 834-35. While the Quanstrom lodestar contingency multiplier limit does not apply to workers' compensation cases,[2] it strongly suggests that this court should not sanction a fee which reflects an hourly rate almost 7.6 times greater than that which has already been established as reasonable in the same case. At nearly $1700 an hour, this fee for some twenty hours of routine legal work is a windfall for claimant's counsel and an unjustifiable cost to the system.
NOTES
[1] Since the record indicates that Mr. Thompson expended 20.6 hours representing claimant, a fee award of $35,000 results in an hourly rate of $1,699.03.
[2] The Quanstrom court felt that workers' compensation would fall within the tort and contract category of fee-authorizing statutes, but noted that:

In this category, the legislature may be very specific in setting the criteria that can be considered. For example, deputy commissioners must apply specific criteria to determine attorney's fees in workers' compensation cases. In this regard, the lodestar method is consequently unnecessary. It is not our intent to change the law in these instances.
Quanstrom, 555 So.2d at 834-35 (footnote omitted) (citations omitted).