805 So.2d 1097 (2002)
Dennis ALDERMAN, Appellant,
v.
FLORIDA PLASTERING and Associated Industries Insurance Company, Appellees.
No. 1D01-777.
District Court of Appeal of Florida, First District.
February 6, 2002.
*1098 Jacob D. Maldonado, Miami, for Appellant.
Mary Ann Stiles and Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Tallahassee, for Appellees.
PADOVANO, J.
This is an appeal from a final order awarding attorney's fees in a workers' compensation case. The claimant contends that the judge of compensation claims erred in departing downward from the presumptive fee computed by the formula in section 440.34(1), Florida Statutes. Because there were no exceptional circumstances that would justify a reduction in the presumptive fee set by the statute, we hold that the departure was an abuse of discretion. Consequently, we reverse with instructions to award the claimant the statutory fee.
The claimant, Dennis Alderman, fell from a scaffold on April 16, 1989, and sustained a spinal cord injury which left him permanently and totally disabled. He filed a petition in 1996, to determine the amount of the offset the employer and carrier could properly take from his permanent and total disability benefits. Judge John G. Tomlinson, who was assigned to the case at that time, found that the employer and carrier were entitled to recalculate the offset each year, to account for increases in the claimant's collateral benefits.
This court reversed the order on appeal. We held that the employer and carrier were entitled to take an offset only in the first year that the combined benefits exceeded the claimant's average weekly wage. Alderman v. Florida Plastering, 748 So.2d 1038 (Fla. 1st DCA 1998). The issue was certified to the supreme court as a question of great public importance, and the decision of this court was ultimately affirmed. The supreme court held that the employer and carrier were not entitled to recalculate the offset based on the yearly increase in the claimant's collateral benefits. Florida Plastering v. Alderman, 755 So.2d 604 (Fla.2000).
After the decision by the supreme court, the claimant petitioned the judge of compensation claims for an award of attorney's fees. He requested a fee based on the amount of the benefits obtained. The petition was filed pursuant to section 440.34(1), *1099 Florida Statutes (1989),[1] which states in material part:
... Except as provided by this subsection, any attorney's fee approved by a [judge] shall be equal to 25 percent of the first $5,000 of the amount of benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured. However, the [judge] shall consider the following factors in each case and may increase or decrease the attorney's fee, if in his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h) The contingency or certainty of a fee.
The employer and carrier agreed that an attorney's fee was due, but opposed an award in the presumptive amount. They argued that the statutory formula called for a fee that would reflect an excessively high hourly rate. A hearing was held before Judge Sylvia Medina-Shore, the judge handling this phase of the case, and the parties presented evidence relating to the amount of the fee.
Judge Medina-Shore issued her order on the attorney's fee claim on February 6, 2001. She found that the claimant's attorney, Jacob Maldonado, had secured a total of $428,352.51 of past and future benefits, and that the statutory fee for his services would be $65,002.87. However, the judge departed downward from the statutory formula and awarded the claimant $23,010.00 in attorney's fees.
The judge assigned two of the statutory factors in section 440.34(1) as the reason for the downward departure. These were (c), the fee customarily charged in the locality for similar services, and (f), the nature and length of the professional relationship with the client. Although the order refers to both of these factors, the departure appears to be based primarily on factor (c) relating to the customary fee. The judge found that an attorney's fee calculated according to the statutory formula would amount to $847 per hour, and that it would be excessive in comparison to the customary fees which she found to be in the range of $150 to $300 per hour. Based on this finding, the judge concluded that "the work involved at the trial level does not justify such a high hourly rate."
As a preliminary matter, we hold that this decision is subject to review by the abuse of discretion standard. The proper standard of review of an order awarding attorney's fees in a workers' compensation case depends on the nature of the issue adjudicated. If the question is whether the judge was correct in finding that a particular factor exists, the decision *1100 to apply that factor will be reviewed by the competent substantial evidence test. See Georgia-Pacific Corp. v. DeLoach, 603 So.2d 702 (Fla. 1st DCA 1992). However, if the argument on appeal relates to the weighing of the statutory factors or the extent of the departure from the presumptive amount of the fee, the order is reviewed by the abuse of discretion standard. See Tri-State Motor Transit Co. v. Judy, 566 So.2d 537 (Fla. 1st DCA 1990); Fumigation Dep't v. Pearson, 559 So.2d 587 (Fla. 1st DCA 1989). Because the question in this case is whether the factors assigned by the judge are sufficient to justify a departure, the abuse of discretion standard applies.
We conclude that the judge of compensation claims placed undue reliance on the customary hourly rate in departing from the statutory formula. The presumptive attorney's fee authorized by section 440.34(1) is a contingent fee based on the value of the benefits obtained. Although the statute seeks to avoid excessive fee awards by reducing the applicable percentage as the benefits increase, it is possible that the award in a given case might be higher than the amount that would be obtained by applying an hourly rate. That is the essential feature of a contingent fee arrangement, and it is inherent in the design of the statute.
Section 440.34(1), Florida Statutes reflects a legislative intent to standardize attorney's fee awards in workers' compensation cases. See Georgia-Pacific Corp. v. DeLoach, 603 So.2d 702 (Fla. 1st DCA 1992); Fiesta Fashions, Inc. v. Capin, 450 So.2d 1128 (Fla. 1st DCA 1984). The attorney's fee that is presumed to be fair is initially computed the same way in every case. Although the judge of compensation claims may increase or reduce the presumptive fee by applying the statutory factors, an increase or reduction is appropriate only in exceptional circumstances. DeLoach, 603 So.2d at 705; Tri-State Motor Transit, 566 So.2d at 539. As we said in Marsh v. Benedetto, 566 So.2d 324, 326 (Fla. 1st DCA 1990), a departure is proper only if the presumptive amount produced by the statutory formula is "manifestly unfair."
A judge may properly consider the fee customarily charged in the locality for similar legal work, but it is unlikely that this factor could provide the sole basis for a departure, particularly if the customary fee is based on an hourly rate. A decision to displace the statutory calculation with a fee based on hourly rate would effectively defeat the contingent fee arrangement implemented by the statute. We emphasized this point in Okaloosa County Gas Dist. v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981). There we reasoned that "to judge the excessiveness of the award solely on the basis of its per hour rate would be to improperly ignore the new sliding-scale provisions in the statute." Id. at 454; see also Trans World Tire Co. v. Hagness, 651 So.2d 124 (Fla. 1st DCA 1995); Barco Vending Co. v. Villalonga, 608 So.2d 128 (Fla. 1st DCA 1992).
A customary fee based on an hourly rate is likely to be more significant in a case in which the value of the attorney's services greatly exceeds the financial benefit obtained on behalf of the client. For example, the work that it might take to establish a connection between chemical exposure and respiratory illness might not bear a reasonable relationship to the benefit obtained. See, e.g., Martin Marietta Corp. v. Glumb, 523 So.2d 1190 (Fla. 1st DCA 1988). To apply the statutory formula in such a case might result in a fee that is inadequate and unfair.
The departure in this case was also based on factor (f), the nature and length of the professional relationship between *1101 the lawyer and client, but this factor did not play a significant role in the judge's analysis. In any event, we do not think that the attorney-client relationship was so brief or insignificant that it would warrant a reduction in the presumptive attorney's fee.
Of the eight factors in section 440.34(1), the judge found three to be positive in the sense that they would support a fee at or above the statutory amount. These were (d) the amount in controversy and the benefits obtained, (g) the experience, reputation, and ability of the lawyer, and (h) the contingency or certainty of the fee. She found that three other factors had no impact on the departure and characterized them as neutral. These were (a) the novelty and difficulty of the issues, (b) the likelihood the case would preclude other legal employment, and (e) the time limitations imposed by the claimant.
Although the task of weighing the factors in section 440.34(1) is not a simple numerical process, we conclude that the two factors assigned as the reason for the departure were not sufficient to outweigh the three neutral factors that could be used to justify the presumptive fee and the three positive factors that could be used to support an even greater fee. The claimant's counsel was an experienced workers' compensation lawyer who assumed a financial risk, presented an issue of first impression in the lower tribunal, successfully defended his position in this court and in the supreme court, and ultimately recovered substantial benefits for his client. Under the circumstances, it was unreasonable to depart from the contingency arrangement in the statute and limit the fee to an hourly rate.
For these reasons, we conclude that the order departing from the presumptive fee set by section 440.34(1), Florida Statutes was an abuse of discretion. The order is reversed with instructions to award the claimant attorney's fees in the amount of $65,002.87, the presumptive amount according to the statute.
Reversed.
BROWNING and LEWIS, JJ., concur.
NOTES
[1] The current version of the statute is substantially the same as the 1989 version, except that the percentages have been reduced. See § 440.34(1), Fla. Stat. (2001).