892 So.2d 516 (2004)
Alma DAVIS, Appellant,
v.
BON SECOURS-MARIA MANOR and Johns Eastern, Appellees.
No. 1D03-5229.
District Court of Appeal of Florida, First District.
December 15, 2004.
Dennis A. Palso, St. Petersburg and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Barbara K. Case of Eraclides, Johns, Hall, Gelman, Eikner & Johannessen, L.L.P., Tampa, for Appellees.
PER CURIAM.
In this workers' compensation appeal, Alma Davis, claimant below, appeals an order of the Judge of Compensation Claims (JCC) awarding a statutory guideline attorney's fee of $576.79, contending this fee is "manifestly unfair" as it constitutes an award of only $4.48 per hour for the time reasonably and necessarily expended to secure temporary partial disability benefits for the claimant. Because claimant's evidence that 128.6 hours were reasonably expended in securing these benefits was uncontroverted, we hold the JCC abused her discretion in weighing the statutory factors of section 440.34(1), Florida *517 Statutes (1999)[1] by placing too much emphasis on the contingency nature of the attorney's fee contract.
As this court recognized in Alderman v. Florida Plastering, 805 So.2d 1097, 1100 (Fla. 1st DCA 2002), section 440.34(1) sets forth a sliding scale for an award of fees based upon the amount of benefits recovered. "The presumptive attorney's fee authorized by section 440.34(1) is a contingent fee based on the value of benefits obtained." Id. The statutory factors set forth in the applicable version of section 440.34(1)[2] may be considered to determine whether there should be an increase or reduction in the presumptive fee, but that should occur only in exceptional circumstances. Id. When the presumptive fee produced by the statutory formula is "manifestly unfair," a departure should be ordered. Id. If the value of the attorney services greatly exceeds the financial benefit to the client, the hourly fee customarily charged for similar services and the time and labor required become more significant. Id. See also Martin Marietta Corp. v. Glumb, 523 So.2d 1190, 1195 (Fla. 1st DCA 1988); Rivers v. SCA Servs. of Florida, Inc., 488 So.2d 873, 876 (Fla. 1st DCA 1986).
In the case on review, claimant's attorney testified that 128.6 hours was the reasonable amount of time expended in securing $2,883.97 in benefits for the claimant. The employer/carrier did not submit any evidence contradicting the testimony offered by claimant's attorney, and the JCC accepted the number of hours expended. The testimony of claimant's counsel that the amount of time expended in the prosecution of this claim would not have been appreciably different had claimant prevailed on more of her claim is uncontradicted. Compare Chesnick v. City of Delray Beach, 492 So.2d 762, 764 (Fla. 1st DCA 1986)(where there is a finding "that the time spent by claimant's attorney in prosecuting those issues upon which claimant did not prevail was required for prosecution of the entire claim, including both successful and unsuccessful issues," there is no basis to reduce the statutory amount of attorney's fees because claimant's attorney *518 failed to prevail on a significant part of the claim).
Based upon the record before us, we conclude that awarding a fee to claimant's counsel that amounts to an hourly rate of $4.48 an hour is "manifestly unfair." Accordingly, the cause is reversed and remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
VAN NORTWICK and PADOVANO, JJ., and JULIAN E. COLLINS, Associate Judge, Concur.
NOTES
[1] Section 440.34(1) provides:

(1) A fee, gratuity, or other consideration may not be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the judge of compensation claims or court having jurisdiction over such proceedings. Except as provided by this subsection, any attorney's fee approved by a judge of compensation claims for services rendered to a claimant must equal to 20 percent of the first $5,000 of the amount of the benefits secured, 15 percent of the next $5,000 of the amount of the benefits secured, 10 percent of the remaining amount of the benefits secured to be provided during the first 10 years after the date the claim is filed, and 5 percent of the benefits secured after 10 years. However, the judge of compensation claims shall consider the following factors in each case and may increase or decrease the attorney's fee if, in her or his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The fee customarily charged in the locality for similar legal services.
(c) The amount involved in the controversy and the benefits resulting to the claimant.
(d) The time limitation imposed by the claimant or the circumstances.
(e) The experience, reputation, and ability of the lawyer or lawyers performing services.
(f) The contingency or certainty of a fee.
[2] Section 440.34(1) was amended by Chapter 2003-412, Laws of Florida, § 12 at p. 3944, and these statutory factors have now been deleted.