WEBSTER, J.
 

 In this workers’ compensation appeal, claimant seeks review of an order awarding her attorney fees based on the customary hourly rate in the area, rather than the fee schedule set out in section 440.34(1), Florida Statutes (1999). Because we conclude the judge of compensation claims abused her discretion by doing so, we reverse, and remand with directions that the judge award claimant’s attorney a fee in the amount established by applying the statutory fee schedule.
 

 The judge of compensation claims considered the factors listed in section 440.34(1), concluding that two — the amount involved and benefits obtained, and the contingent nature of the fee — -were positive; that only one — the fee customarily charged in the area — -was negative; and that the rest were neutral. She determined that a fee based on the statutory fee schedule would amount to $35,367.55, or roughly $643.00 per hour. Solely because such a fee would result in an hourly rate
 
 *298
 
 “higher than is typically awarded in the district,” the judge concluded that the presumptive statutory fee would be inappropriate. Instead, she awarded $200.00 per hour for 35 hours, resulting in a fee of only $7,000.00.
 

 The outcome of this appeal is controlled by our decision in
 
 Alderman v. Florida Plastering,
 
 805 So.2d 1097 (Fla. 1st DCA 2002). In
 
 Alderman,
 
 the judge of compensation claims awarded a fee substantially lower than the presumptive fee established by the statutory fee schedule based principally on the conclusion that the presumptive fee (which worked out to $847.00 per hour) was excessive given the customary hourly rates in the area, which were between $150.00 and $300.00. We reversed, noting that, because “[t]he presumptive attorney’s fee authorized by section 440.34(1) is a contingent fee based on the value of the benefits obtained,” “the judge of compensation claims placed undue reliance on the customary hourly rate in departing from the statutory formula.”
 
 Id.
 
 at 1100. We said, further, that, while “[a] judge may properly consider the fee customarily charged in the locality for similar legal work, ... it is unlikely that this factor could provide the sole basis for a departure, particularly if the customary fee is based on an hourly rate,” because “[a] decision to displace the statutory calculation with a fee based on hourly rate would effectively defeat the contingent fee arrangement implemented by the statute.”
 
 Id.
 
 The same analysis here mandates the same result.
 

 The judge of compensation claims relied principally on
 
 Trans World Tire Co. v. Hagness,
 
 651 So.2d 124 (Fla. 1st DCA 1995), to support her decision. However, that case is readily distinguishable. There, the employer and carrier appealed a fee award to the claimant’s attorney, arguing that, because the award broke down to approximately $1,699.00 per hour, it was excessive. We affirmed the award. Although the judge of compensation claims had departed downward from the presumptive statutory fee by roughly 16 percent to arrive at the fee ultimately awarded, this downward departure was not an issue in the appeal. If anything, the decision in
 
 Trans World Tire
 
 supports the conclusion that the presumptive statutory fee in this case would not be excessive.
 

 We reverse the award of attorney’s fees, and remand with directions that the judge of compensation claims award claimant’s attorney a fee in the amount established by applying the statutory fee schedule.
 

 REVERSED and REMANDED, with directions.
 

 PADOVANO and ROBERTS, JJ„ concur.