# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1627
_____

MICHAEL D. RUDOLPH,

    Appellant,

    v.

DARIEN SMITH, THE HOME
DEPOT U.S.A., INC., and LIBERTY
MUTUAL INSURANCE COMPANY,

    Appellees.

_____

On appeal from the Office of the Judges of Compensation Claims.
Edward R. Almeyda, Judge.

Date of Accident: October 29, 1993.

January 24, 2024

RAY, J.

This is an appeal from a final order on attorney's fees in a workers' compensation case in which the judge of compensation claims ("JCC") awarded fees to the claimant's attorney based on a customary hourly rate instead of the contingency fee amount agreed to by the claimant and his attorneys. Because there were no exceptional circumstances that would justify a reduction in the presumptively reasonable fee set by statute, we reverse.

## I

By way of background, this case stems from a tragic accident in 1993 that rendered the claimant a ventilator-dependent quadriplegic with complex housing, medical, transportation, and attendant care needs. The claimant settled the indemnity portion of his case in 1995. But his rights to certain medical benefits continued to be litigated for decades, during which time he rotated through at least six attorneys. As noted by Judge Almeyda, who presided over the case for eight years, "this [was] the most complex and delicate case" ever before him.

Eventually, in 2018, the parties settled the medical portion of the case for $13,500,000 after a ten-day mediation. At the time of settlement, the claimant was represented by Michael D. Rudolph.

The claimant[1] and Rudolph jointly petitioned the JCC to approve an award of attorney's fees from the settlement in the amount of $1,330,000. As part of this joint filing, Rudolph agreed that he would resolve all fee and costs liens of the claimant's prior attorneys out of this fee. And the claimant expressly waived his right to a hearing to contest the reasonableness of the fee.

In a separate filing, the attorneys with a stake in the fee award stipulated to a division of the fees. At the outset, the stipulation noted that the presumptively reasonable fee under section 440.34, Florida Statutes (1993), is $2,025,750. But it explained that the attorneys collectively agreed to accept $1,330,000, which is a $695,750 reduction from the statutory guideline amount. The attorneys allocated $275,000 to Ramon Malca; $150,000 to be shared between Jason Goldstone and Jerry Goodmark; $100,000 to be shared between Richard Dolan and William Hutchinson; and $805,000 to Rudolph.

The claimant, through Rudolph, then filed a verified petition for payment of attorney's fees and costs. The petition reiterated that the claimant had agreed to settle his case for $13,500,000, inclusive of a 9.85% attorney's fee of $1,330,000, and set forth the

---

[1] At all times relevant to this appeal, the claimant acted through his power of attorney, Linda McCoy.

allocation of fees referred to above. For his part, Rudolph sought approval of his portion of the fee, which is 5.9% of the overall settlement.

After a short hearing, the JCC entered two orders. The first awarded fees in the predetermined amounts to the claimant's prior attorneys. The second order, which is challenged here, reduced Rudolph's fee from $805,000 to $123,000. After considering the statutory factors set forth in section 440.34(1)(a)–(h), Florida Statutes, the JCC found that the stipulated amount "shocks [his] conscience," noting that it was "about $4,000 hourly" and "it is coming from a quadriplegic on a ventilator, and the settlement must last his lifetime."

In determining what would be a reasonable fee for Rudolph, the JCC ostensibly relied on a $600 hourly rate (as testified to by Malca for his fee lien based on quantum meruit) multiplied by the 205 hours Rudolph had expended on the case. From there, he concluded that a reasonable fee is $123,000. The decretal portion of the order provided that "the balance [is to be] returned to the Claimant."[2]

Rudolph moved for rehearing and to vacate and reopen the case. The motions were denied, and this appeal followed.[3]

II

Under the law as it existed at the time of the claimant's accident in 1993, the Legislature set forth a sliding scale for an award of fees based on the value of the benefits obtained. The starting point for the determination of a reasonable fee would be

---

[2] Recognizing that the JCC's order may have created a conflict of interest between Rudolph and his client, Rudolph moved to withdraw from the case, leaving the claimant unrepresented.

[3] After acting on Rudolph's motion for rehearing and to vacate and reopen the case, Judge Almeyda recused himself. The case was eventually reassigned to Judge Medina-Shore. Rudolph again moved to vacate and reopen the case, which was also denied by Judge Medina-Shore.

an amount "equal to 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured." § 440.34(1), Fla. Stat.

The JCC would then consider whether a deviation from the guideline amount is warranted based on the following factors:

(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the benefits resulting to the claimant.

(e) The time limitation imposed by the claimant or the circumstances.

(f) The nature and length of the professional relationship with the claimant.

(g) The experience, reputation, and ability of the lawyer or lawyers performing services.

(h) The contingency or certainty of a fee.

440.34(1)(a)–(h), Fla. Stat. (1993). Although the JCC had the discretion to deviate from the presumptive fee by applying the statutory factors, this Court has cautioned that he should do so only in "exceptional circumstances" where the presumptive amount under the formula is "manifestly unfair." *Alderman v. Florida Plastering*, 805 So. 2d 1097, 1100 (Fla. 1st DCA 2002), *superseded by statute on other grounds*, Ch. 2003-412, Laws of Fla., § 12 at p. 3944, *as recognized in Davis v. Bon Secours-Maria Manor*, 892 So. 2d 516, 517 n.2 (Fla. 1st DCA 2004). That is

4

because the statute "reflects a legislative intent to standardize attorney's fee awards in workers' compensation cases." *Id.*

After considering the statutory factors in the instant case, the JCC rejected Rudolph's requested fee of $805,000, concluding that "there is little there to justify a fee of about $4,000 an hour." He explained,

> First, the time spent was low, only 205 hours over a seven-month period. The litigation was minimal and the expertise to settle a case is not as great as the predecessor attorneys in this case that had to contend with novel and severe issues involving the health of a quadriplegic.
>
> Second, the benefits obtained, in reducing to a lump sum that which had been furnished in an ongoing basis, is minimal compared to obtaining a denied benefit after litigation.
>
> Third, there was no evidence in this claimed fee to the fee customarily charged in the community. If the other attorneys involved in this litigation are considered experts in this matter, then the largest hourly fee is $600.00 per hour.
>
> Neutral factor is the likelihood that this representation would preclude other representation.
>
> Positive is the contingency of the fee, which is the case in all worker's compensation cases, and not unique to this case, and the expertise of the attorneys, including Mr. Rudolph.
>
> In view of the above consideration, I cannot approve the fee claimed by Mr. Rudolph of $805,000.00, or about $4,000.00 hourly, as it shocks the undersigned's conscience, particularly as it is coming from a quadriplegic on a ventilator, and the settlement must last his lifetime.

## III

Rudolph argues, in part, that the order must be reversed because the JCC placed undue reliance on a customary hourly rate in departing from the agreed-upon fee amount and failed to consider that the "customary fee" is in fact a percentage of the settlement and not based on an hourly rate. He also submits that there is a lack of record evidence to support the JCC's findings on the other factors. In all, he contends there are no exceptional circumstances that would warrant a downward departure from the guideline fee amount, much less a departure from a less-than-guideline amount. We agree.

This case is like *Alderman*. There, this Court determined that the JCC erred in departing downward from the presumptive fee set by statute given that the departure was based primarily on her view that the presumptive fee was excessive given the customary hourly rate. *Alderman*, 805 So. 2d at 1101. In concluding that the JCC placed undue reliance on the customary hourly rate, we explained that a JCC "may properly consider the fee customarily charged in the locality for similar legal work," but this factor could not "provide the sole basis for a departure, particularly if the customary fee is based on an hourly rate." *Id.* at 1100. We reasoned that "[a] decision to displace the statutory calculation with a fee based on hourly rate would effectively defeat the contingent fee arrangement implemented by the statute." *Id.*; *see also Smith v. Gulf Coast Hosp.*, 31 So. 3d 297, 297 (Fla. 1st DCA 2010) (concluding that the JCC abused her discretion by awarding attorney's fees based on the customary hourly rate rather than on the fee schedule set by statute); *Okaloosa Cnty. Gas Dist. v. Mandel*, 394 So. 2d 453, 454 (Fla. 1st DCA 1981) (explaining that "to judge the excessiveness of the award solely on the basis of its per hour rate would be to improperly ignore the new sliding scale provisions in the statute").

The JCC made the same error here. For starters, the only evidence of the "fee customarily charged in the community" for this type of case was the statutory guideline fee and not an hourly rate. What is more, the JCC's hyperfocus on a reasonable hourly rate reduced the fee analysis to nothing more than a simple mathematical formula (hourly rate x number of hours) and strayed

6

from the contingent fee arrangement inherent in the statute. Lost in the JCC's well-intentioned calculation was any recognition that the stipulated fee amount was already substantially less than what the statute deemed as presumptively fair.

Nor was there competent substantial evidence to support the JCC's findings that "the time spent was low," the "expertise to settle a case is not as great as the predecessor attorneys in this case that had to contend with novel and severe issues involving the health of a quadriplegic," and that reducing future benefits to a lump sum is a "minimal" benefit "compared to obtaining a denied benefit after litigation." A judge of compensation claims must rely on evidence instead of his own "subjective belief and personal experience" in evaluating the reasonableness of an attorney's fee claim. *Sanchez v. Woerner Mgmt., Inc.*, 867 So. 2d 1173, 1174–75 (Fla. 1st DCA 2004) (reversing fee award where reduction of time was not supported by competent substantial evidence but, instead, based on the JCC's subjective belief and personal experience as to what was reasonable). Here, all the evidence on this matter was that both the fee amount claimed by Rudolph and the less-than-guideline global fee amount were reasonable.

For these reasons, we reverse the award of attorney's fees and remand with directions that the JCC award Rudolph the stipulated amount of $805,000, which is less than the guideline fee and the amount that the evidence established is reasonable.

REVERSED and REMANDED.

ROWE and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael J. Winer of Winer Law Group, P.A., Tampa, for Appellant.

Linda McCoy, Fayetteville, GA, for Appellee Darien Smith.

7

Kimberly J. Fernandes of Kelley Kronenberg, Tallahassee, for Appellees The Home Depot U.S.A. and Liberty Mutual Insurance Company.